# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA DANDO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:17-cv-00841-SAB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

On June 23, 2017, Plaintiff Kayla Dando, appearing pro se and in forma pauperis, filed this social security action. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The district court must perform a preliminary screening and must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners). In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

1

of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Under Rule 8(a)(1) of the Federal Rules of Civil Procedure, a complaint must set forth a "short and plain statement of the grounds for the court's jurisdiction."

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Similarly, the court may dismiss a claim as factually frivolous when the facts alleged lack an arguable basis in law or in fact or embraces fanciful factual allegations. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Further, a claim can be dismissed where a complete defense is obvious on the face of the complaint. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff indicates that she is bringing this complaint based on Title XVI of the Americans with Disabilities Act ("ADA") because the Social Security Administration ("SSA") is denying her equal access to benefits that she is qualified to receive. (ECF No. 1 at 4-5.) She contends that she has submitted adequate documentation to the SSA over a lengthy period of time that supports her contention and that she was denied due process. (ECF No. 1 at 5.)

## III.

## DISCUSSION

Although Plaintiff refers to Title XVI of the ADA, there is no Title XVI of the ADA. See 42 U.S.C. § 12101 et seq. Liberally construing Plaintiff's complaint, it appears that Plaintiff is

bringing this action because she was denied benefits under Title XVI of the Social Security Act. Title XVI of the Social Security Act allows claimants to apply for supplemental security income. 42 U.S.C. §§ 1381-1383f. Title II of the Social Security Act allows claimants to apply for a period of disability and disability insurance benefits. 42 U.S.C. §§ 401-433.

The Court will first address the requirements for a claim based on the denial of benefits under Title II and/or Title XVI of the Social Security Act. The Court will then address Plaintiff's claim that she was denied due process by the SSA.

### A. Review of a Final Decision of the Commissioner of Social Security

To the extent that Plaintiff is challenging a final decision of the Commissioner of Social Security under Title II and/or Title XVI of the Social Security Act, the Court will address the requirements to state a claim, including timeliness, exhaustion, and factual allegations sufficient to state a claim.

#### 1. Timeliness and Exhaustion Pursuant to 42 U.S.C. § 405(g)

Judicial review of a decision of the Commissioner of Social Security is governed by Section 405(g) of the Social Security Act, which reads in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h).

Section 405(g) operates as a statute of limitations setting the time period, sixty days, in which a claimant may appeal a final decision of the Commissioner. See Bowen v. City of New York, 476 U.S. 467, 478 (1986) (citations omitted) ("the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations"); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir.

1987) (citations omitted) ("The 60–day period is not jurisdictional, but instead constitutes a statute of limitations."). The time limit under section 405(g) is a condition on the waiver of sovereign immunity and it must be strictly construed. Bowen, 476 U.S. at 479 (citing Block v. North Dakota, 461 U.S. 273, 287 (1983)).

In rare cases, the sixty day statute of limitations can be excused. Section 405(g) has been construed to permit extensions of time only by the Commissioner pursuant to sections 404.9111 and 416.1411 of Title 20 of the Code of Federal Regulations, or by a court applying traditional equitable tolling principles in cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.' " Bowen, 476 U.S. at 480 (quoting Matthews v. Eldridge, 424 U.S. 319, 330 (1976)). For example, the Supreme Court concluded in Bowen that equitable tolling applied where the SSA's internal policy prevented claimants from knowing that a violation of their rights had occurred. Id. at 481. And in Vernon v. Heckler, the Ninth Circuit reversed and remanded to give the claimant "the opportunity to delineate further a factual basis for estoppel or equitable tolling" based on facts that an SSA employee allegedly said, "Don't worry; they'll give you an extension." Vernon v. Heckler, 811 F.2d 1274, 1275, 1278 (9th Cir. 1987). There are, of course, cases to the contrary. In Turner v. Bowen, for example, the Eighth Circuit upheld a district court's conclusion that although the plaintiff was illiterate and represented by a state representative (who was not an attorney) at the ALJ hearing, there was "no basis for tolling the statute of limitations because [the plaintiff] had not proved to be a person 'unusually disadvantaged in protecting his own interests.' " Turner v. Bowen, 862 F.2d 708, 709-10 (8th Cir. 1988).

A "final decision" under 42 U.S.C. § 405(g) is reached only after a lengthy process whereby a plaintiff must exhaust his administrative remedies:

> [A] disappointed claimant is afforded a three-stage administrative review process beginning with *de novo* reconsideration by the State of the initial determination. 20 CFR §§ 404.909(a)(1), 416.1409(a) (1985). If a claimant is dissatisfied with the state agency's decision on reconsideration, he is entitled to a hearing by an administrative law judge (ALJ) within SSA's Office of Hearings and Appeals. 42 U.S.C. § 405(b)(1) (1982 ed., Supp. II), 42 U.S.C. § 1383(c)(1); 20 CFR §§ 404.929, 416.1429, 422.201 et seq. (1985).
>
> If the ALJ's decision is adverse to the claimant, the claimant may then seek

4

> review by the Appeals Council. 20 CFR §§ 404.967-404.983, 416.1467-416.1483 (1985). Proceeding through these three stages exhausts the claimant's administrative remedies. Following the determination at each stage, a disappointed claimant is notified that he must proceed to the next stage within 60 days of notice of the action taken or the decision will be considered binding. E.g., 20 CFR §§ 404.905, 404.909(a)(1), 416.1405, 416.1409(a), 404.955(a), 404.968(a)(1), 416.1455(a), 416.1468(a) (1985).

Bowen, 476 U.S. at 471-72. And "[t]hereafter, he may seek judicial review in federal district court, pursuant to 42 U.S.C. § 405(g)." Id. at 472. If a plaintiff does not correctly follow the procedure with respect to appealing the ALJ's decision, the Court is unable to consider his challenge. Sims v. Apfel, 530 U.S. 103, 107 (2000) (citations omitted) ("If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases.").

Here, Plaintiff has not provided any information regarding when a decision was made on the application for benefits, including whether Plaintiff appealed the initial decision issued by the Social Security Administration, whether she requested a hearing by an administrative law judge, or whether she requested review of the administrative law judge's decision by the Appeals Council. Without such information, the Court is unable to determine if, or when, a final decision was made on Plaintiff's application for benefits, and whether Plaintiff has exhausted her administrative remedies.

Plaintiff is granted leave to amend the complaint to cure the factual deficiencies of this complaint by stating the necessary information, including when a decision was made on her application for benefits, whether she requested review from the Appeals Council, and when the Appeals Council responded to her request. In any amended complaint, Plaintiff should establish that she filed this case within sixty days of receiving the Appeals Council denial of her benefits, or that equitable tolling applies to her case.

2. Factual Allegations to State a Claim

If Plaintiff is challenging the ALJ's decision on Plaintiff's application for disability benefits or supplemental security income, she must identify specific errors in the ALJ's decision. Plaintiff has not identified any errors in the ALJ's decision. Plaintiff states she has been denied access to benefits that she is qualified to receive and that she has submitted adequate

documentation to the SSA. She must provide factual allegations which explain how the ALJ erred. This Court can only review a final decision by the Social Security Administration to determine: (1) whether it is supported by substantial evidence; and (2) whether the ALJ applied the correct legal standards. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008).

### B. Due Process Claim

Plaintiff alleges in her complaint that she was denied due process by the SSA, but she does not explain how she was denied due process. An exception to the final decision rule in 42 U.S.C. § 405(g) applies "to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008) (citations omitted). "A constitutional claim is colorable if it is not wholly insubstantial, immaterial, or frivolous." Id. (quotation marks and citations omitted). If Plaintiff is alleging that she was denied due process by the SSA, she must provide factual allegations sufficient to state a claim.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a cognizable claim for relief. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

An amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed June 23, 2017, is dismissed for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 30, 2017**

_____
UNITED STATES MAGISTRATE JUDGE