# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KAYLA DANDO, | Case No. 1:17-cv-00841-DAD-SAB |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH COURT ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (ECF No. 4) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Kayla Dando filed a complaint on June 23, 2017, against the Commissioner of Social Security. (ECF No. 1.) On June 30, 2017, Plaintiff's complaint was screened and dismissed for failure to state a claim. (ECF No. 4.) Plaintiff was ordered to file an amended complaint within thirty days of the June 30, 2017 order. More than thirty days have passed and Plaintiff has not filed an amended complaint or otherwise responded to the June 30, 2017 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

1

1    A court may dismiss an action based on a party's failure to prosecute an action, failure to
2    obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52,
3    53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
4    1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
5    complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
6    comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
7    United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
8    with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
9    of prosecution and failure to comply with local rules).

10   In determining whether to dismiss an action for failure to comply with a pretrial order,
11   the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
12   court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
13   policy favoring disposition of cases on their merits; and (5) the availability of less drastic
14   sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226
15   (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in
16   deciding what to do, and are not conditions that must be met in order for a court to take action.
17   Id. (citation omitted).

18   In this instance the public's interest in expeditious resolution of the litigation and the
19   Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine
20   (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended
21   complaint within thirty days of June 30, 2017. Plaintiff has been provided with the legal
22   standards that would apply to her claims and the opportunity to file an amended complaint.
23   Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order.
24   Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this
25   action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this
26   action.

27   Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
28   rebuttable presumption of prejudice to the defendant in this action. In re Eisen, 31 F.3d 1447,

1452-53 (9th Cir. 1994). The risk of prejudice to the defendant also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's June 30, 2017 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim." (ECF No. 4 at 7.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order and his failure to state a claim.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim and failure to comply with the June 30, 2017 order.

IT IS SO ORDERED.

Dated: __**August 9, 2017**__          _____
                                        UNITED STATES MAGISTRATE JUDGE